# IN THE UNITED STATES DISTRICT COURT
# OF THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ADRIENNE DURHAM, ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | 1:18-CV-03147-CAP |
| ) | |
| v. ) | |
| ) | |
| NAVIENT SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## STIPULATED PROTECTIVE ORDER

The Court, having reviewed the Stipulation for Entry of Protective Order (**Stipulation**) filed by Plaintiff Adrienne Durham (**Plaintiff**) and Defendant Navient Solutions, LLC (**NSL**), in this action, and good cause appearing, hereby **APPROVES** the Stipulation and **ORDERS** as follows:

1.  "CONFIDENTIAL" Documents, Materials, and Information. This Order shall govern all documents produced or exchanged, all written answers, deposition answers, and other responses to discovery, and all communications of any kind made by Plaintiff, Plaintiff's attorneys, consultants, agents, and representatives; Defendant NSL, its attorneys, consultants, agents, employees, and representatives. "CONFIDENTIAL" materials shall be the documents or information respectively designated under this Order and any notes, work papers, or other documents respectively containing "CONFIDENTIAL" materials derived from such items. Plaintiff, NSL, or any third party may identify any documents or information, including but not limited to discovery materials produced by that

party, initial disclosures, documents and things, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition exhibits, and all or portions of deposition or hearing transcripts, as "CONFIDENTIAL" and designate the documents or information as such by affixing thereto a legend of "CONFIDENTIAL" or by designating through another method set forth in this Order or agreed to by the parties.

Plaintiff, NSL, or any third party may designate documents or information as "CONFIDENTIAL" to the extent that the party, through counsel, believes "good cause" exists to categorize the material as confidential because the material contains or includes: (**1**) trade secrets; (**2**) proprietary business methods or practices; (3) any other competitively sensitive confidential information; (**3**) personal information, including personal financial information about customers or applicants, third parties, the Parties, or an employee of any party to this lawsuit; (**4**) information regarding any individual's banking or lending relationships, including, without limitation, information regarding any individual's loan or credit history and/or consumer information not otherwise available to the public; and (**5**) any other categories that are later agreed to in writing by the parties or ordered by the Court.

This agreed confidentiality order does not include the amount of any judgment that may be entered in this matter or any settlement amounts agreed to by the parties hereto, as said items will be separately negotiated by the parties at a later date.

2.  <u>Designation of "CONFIDENTIAL" Material</u>.  Documents shall be designated as "CONFIDENTIAL" by stamping them with the word "CONFIDENTIAL" in a manner which will not interfere with their legibility.  This designation shall only be used in a reasonable fashion and upon a good faith determination by counsel that a particular document contains non-public

information and falls within one of the categories enumerated in Paragraph 1. This designation shall ordinarily be made before or at the same time as the production or disclosure of the material. Because materials described in Paragraph 1 shall be covered by this Order, there shall be no waiver of confidentiality if such materials are inadvertently produced without being stamped "CONFIDENTIAL." Materials already produced in discovery in this litigation may be designated as "CONFIDENTIAL" upon written notice (without stamping), within fourteen (14) days of the entry of this Order, from the party asserting the confidentiality designation to all counsel of record to whom such documents have been produced by notifying the other party of the identity of the documents or information to be so designated. Any of the parties to this action can remove at any time its designation of "CONFIDENTIAL" from any of the documents or information it has previously so designated.

      3.     <u>Treatment of "CONFIDENTIAL" Information</u>. Unless otherwise ordered by the Court, "CONFIDENTIAL" material, and any quotes, summaries, charts, or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be held in confidence and used by the parties to whom the documents and information are produced solely for the purpose of this case. The parties agree to take reasonable steps to maintain the confidentiality of the documents, information, and testimony relating thereto. During the pendency of this litigation, "CONFIDENTIAL" material, including all copies thereof, shall be retained solely in the custody of the parties' attorneys and shall not be placed in the possession of or disclosed to any other person, except as set forth in this Order, as otherwise agreed upon by the parties, or upon leave of Court. Each person to whom "CONFIDENTIAL" material is disclosed pursuant to this Order is hereby prohibited from exploiting in any way such documents or information for his, her

or its own benefit, or from using such information for any purpose or in any manner not connected with the prosecution or defense of this case.

4. "Disclosure." As used herein, "disclosure" or to "disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate "CONFIDENTIAL" material.

5. Permissible Disclosure of "CONFIDENTIAL" Material. Except by order of this Court, or otherwise as required by law, material designated as "CONFIDENTIAL" (and any notes or documents that reflect or refer to such documents and information) shall not be disclosed to any person other than:

(a) A party hereto;

(b) Counsel employed by a party, or an employee of such counsel, to whom it is necessary that the materials be shown or the information known for purposes of this case only;

(c) Any employee or agent of a party to whom the "CONFIDENTIAL" materials are shown for the purpose of working directly on or testifying in connection with this litigation at the request of or at the direction of counsel for such party;

(d) A person retained to assist in this action, such as an investigator, independent accountant, or other technical expert or consultant, who has signed an acknowledgement in the form of Exhibit A hereto, which signed acknowledgment shall be retained by the party who has retained such person,;

(e) This Court (or its employees or agents) pursuant to a court filing in connection with this action;

(f) Any person(s) designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(g) Members of the jury at a public trial of this matter, subject to the requirements of Paragraph 11 below; or

(h) A person who is deposed or who testifies at the hearing in this matter who has signed an acknowledgement in the form of <u>Exhibit A</u> hereto, which signed acknowledgment shall be retained by the party who has compelled such person to testify at a deposition or trial. If the witness refuses to sign such form, the party compelling such testimony shall immediately notify opposing counsel and permit them seven (7) days to seek redress with the Court provided, however, in the event the disclosure includes materials designated by a third party as "CONFIDENTIAL," the parties shall obtain the written consent of such third party prior to disclosure under this paragraph.

6. <u>Review of Own "CONFIDENTIAL" Materials</u>. The restrictions of this Order shall not apply to parties, and their employees, attorneys, experts or other authorized agents, when reviewing their own "CONFIDENTIAL" materials.

7. <u>Deposition Transcripts</u>. A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within 2 business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation. The designating party must serve such Notice within 14 calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the 14 day period described in this paragraph. Any portions of a

transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required. All exhibits marked at depositions previously marked "CONFIDENTIAL" shall maintain that designation.

8. <u>Objections to "CONFIDENTIAL" Designations</u>. To the extent that any party contests a designation under this Order, such party shall object to such designation in writing. Any such challenges to a designation must be for good cause. The parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies. If the parties are unable to reach an agreement regarding the designation, then the party objecting to such designation shall file an appropriate motion with the Court for a ruling that the documents or other information shall not be accorded such status and treatment. In the event that such a challenge is made, the party asserting the confidentiality designation shall have the burden of establishing good cause exists to maintain the designation. Until this Court enters an order changing the designation of such documents or information, such document or information shall continue to be protected as provided by this Order. Should the Court rule in favor of the party objecting to the confidentiality designation, the party asserting the designation shall produce a copy of the document(s) without the "CONFIDENTIAL" designation.

9. <u>Disclosing "CONFIDENTIAL" Material</u>. If any party wishes to disclose any "CONFIDENTIAL" material beyond the terms of Paragraphs 5-6 of this Order, that party shall provide all other parties with reasonable notice in writing of the request to disclose the materials, unless otherwise required by law. If the parties cannot resolve their disagreement with respect to the disclosure of

301919571v1 1007716

any designated information, then a party may petition the Court for a determination of these issues. In the event that such a challenge is made, the party asserting the confidentiality designation shall have the burden of establishing that the designation is proper. Such "CONFIDENTIAL" material shall remain "CONFIDENTIAL" as stipulated by this Order until the Court rules on the party's specific petition.

   10. <u>Pleadings and Other Court Submissions</u>.  Each party agrees that when filing with the Court any papers (including, without limitation, affidavits, memoranda, interrogatory answers, or deposition transcripts) that disclose directly or indirectly any "CONFIDENTIAL" material, such papers shall be filed under seal in accordance with the Court's local rules and requirements for filing documents under seal.

   11. Any party seeking to file CONFIDENTIAL MATERIALS with the Court must contact the designating party (5) days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS shall file such material in accordance with Local Rule 5(B) & (D). The designating party shall file a Motion to File Under Seal, in accordance with Local Rule 5(C)-(D), simultaneously with the other party's filing. The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules. In the event such documents were previously marked "CONFIDENTIAL" in the course of this litigation, that designation shall remain for purposes of submission to the Court.

301919571v1 1007716

12. <u>Document Retention</u>.  After the conclusion of this matter (including the expiration of all appeals), all originals and reproductions of the "CONFIDENTIAL" materials shall be returned to the producing party within thirty (30) days of such conclusion or be destroyed (in which case counsel for the party destroying said documents shall certify in writing to the producing party within thirty (30) days of such conclusion that destruction of the "CONFIDENTIAL" materials has taken place).  Insofar as the provisions of this Order restrict the use of the documents produced hereunder, the Order shall continue to be binding throughout and after the conclusion of this case, including all appeals, except as set forth in Paragraph 13. Attorneys shall have the right to maintain their files in accordance with the best practices of maintaining their duties under their state's professional rules of conduct.

13. <u>Admissibility</u>.  Nothing in this Order shall be construed to limit any party from producing or introducing any document into evidence at public hearing. Subject to the Rules of Evidence, "CONFIDENTIAL" materials and other confidential information may be offered in evidence at trial or any court hearing. Any party may move the court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure of any "CONFIDENTIAL" material.  The Court will then determine whether the proffered evidence should continue to be treated as "CONFIDENTIAL" and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

14. <u>Scope of Discovery</u>.  Nothing in this Order shall preclude any party from opposing production of any documents or information, or from seeking further or different relief should future pretrial activities indicate such a need.

15. <u>Client Consultation.</u>  Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and

301919571v1 1007716

further the interests of his client, provided, however, that the attorney shall not disclose any material designated for protection hereunder where such disclosure would be contrary to the terms of this Order.

16. <u>Discretion of the Court.</u>  Nothing in this Order shall apply to, bind, or limit the Court or its employees in the performance of their duties. Notwithstanding any foregoing suggestion to the contrary, the Court shall retain final and complete authority to re-designate any material previously designated as "CONFIDENTIAL" as a public document.

17. <u>Notice of Breach</u>.  It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, to promptly notify counsel for the opposing and producing parties of such breach or threatened breach.

18. <u>Litigation Use Only</u>.  All "CONFIDENTIAL" materials produced in this litigation, whether by a party or nonparty, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

19. <u>Subpoena by Other Court or Agencies.</u>  If another court or an administrative agency subpoenas or orders production of "CONFIDENTIAL" materials that a party obtained under the terms of this Order, the party receiving the subpoena shall promptly notify the party or other person who designated the "CONFIDENTIAL" materials of the pendency of such subpoena or order.

20. <u>Inadvertent Disclosure Protection</u>.  Review of the "CONFIDENTIAL" materials labeled "CONFIDENTIAL" by counsel, experts, or consultants in the litigation shall not waive the "CONFIDENTIAL" designation or any objections to production.  "CONFIDENTIAL" materials inadvertently produced by any party or

9

301919571v1 1007716

nonparty through discovery in this action without having been designated as "CONFIDENTIAL" shall be subject to the provisions of this Order to the same extent as if the inadvertent disclosure had not occurred so long as there is reasonable notice to the other party of the inadvertent disclosure. If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly, upon discovery of such disclosure, so advise the receiving party in writing and request that the item or items of information be returned. No party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within fourteen (14) business days of receiving a written request for the return of such item or items of information from the producing party.

21. <u>Non-Parties</u>. Non-parties who are required to produce "CONFIDENTIAL" material in response to a subpoena, and who in good faith believe that such material contains confidential information, may rely on this Order and apply it to their production.

22. <u>Responsibility of Attorneys.</u> The attorneys of record are responsible for employing reasonable measures to comply with the requirements of this Order as it relates to materials labeled "CONFIDENTIAL." Attorneys shall not duplicate any such materials except for working copies and for filing in court under seal. Attorneys are responsible to ensure any such materials are returned or destroyed at the conclusion of this matter, as outlined in Paragraph 12.

301919571v1 1007716

**IT IS SO ORDERED, this 14th day of November, 2018.**

<u>**/s/CHARLES A. PANNELL, JR.**</u>

JUDGE,
UNITED STATES DISTRICT COURT

301919571v1 1007716

# EXHIBIT A

# CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive CONFIDENTIAL materials supplied in connection with the action entitled *Adrienne Durham v. Navient Solutions, LLC*, Case No. 1:18-CV-03147-CAP, United States District Court for the Northern District of Georgia. I certify that I understand that the CONFIDENTIAL materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this action. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that CONFIDENTIAL materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this action, any CONFIDENTIAL materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in this action.

I further understand that I am to retain all copies of all CONFIDENTIAL materials provided to me in this case in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this action, whereupon the copies of such CONFIDENTIAL materials will be returned to counsel who provided me with such materials.

301919571v1 1007716

I declare under penalty of perjury, under the laws of the State of Georgia, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

DATED:_____ BY: _____
Signature

301919571v1 1007716