UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| ADRIENNE DURHAM,<br>Plaintiff<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)  1:18-cv-03147- CAP<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for statutory damages and treble damages brought by Plaintiff ADRIENNE DURHAM ("Plaintiff"), an individual consumer, against Navient Solutions, LLC ("Navient") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. This action concerns Plaintiff receiving hundreds of unwanted phone calls from Navient to Plaintiff's cellular phone in an attempt to collect a debt, after Plaintiff had instructed Navient to stop calling her.

## II. JURISDICTION & VENUE

3.     Subject matter jurisdiction of this court arises under 28 U.S.C. §§ 1331 & 1337.

4.     Venue in this district is proper in that the Plaintiff resides here, Defendant transact business here, and the conduct complained of occurred here.

## III. PARTIES

5.     Plaintiff is a natural person residing in Cobb County, Georgia.

6.     Navient Solutions, LLC ("Navient") is a Delaware limited liability corporation with its principal place of business in the state of Virginia.  Navient does business in this judicial district.

7.     Navient maintains its registered office at 40 Technology Parkway South, #300, Norcross, Georgia 30092 and names its registered agent as Corporation Service Company.  Navient can be served with Summons and a copy of this Complaint at this address.

8.     Alternatively, Navient may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of Georgia as applicable.

## IV. STATUTORY STRUCTURE

9. Consumer complaints about abuses of telephone technology--for example, computerized calls to private homes--prompted Congress to pass the Telephone Consumer Protection Act of 1991 (TCPA or Act), 47 U.S.C. §227. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls. <u>Mims v. Arrow Fin. Servs., LLC</u>, 565 U.S. 368, 370 (2012).

10. The Act bans certain practices invasive of privacy and directs the Federal Communications Commission (FCC or Commission) to prescribe implementing regulations. <u>Id</u>. at 371.

11. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States, to make any call using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service unless such call is made solely to collect a debt owed to or guaranteed by the United States. 47 U.S.C.S. § 227(b)(1)(A)(iii).

12. The term "automatic telephone dialing system" means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers. 47 U.S.C.S. § 227(a)(1).

13. In 2003, the FCC issued an order finding, among other things, "that a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." <u>In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, 18 F.C.C.R. 14,014, 14,093 (2003).

14. In 2008, the FCC issued a declaratory judgment that "affirm[ed] that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers." <u>In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 23 FCC Rcd. 559, 566 (2008).

15. In 2012, the FCC again reiterated that the TCPA's definition of an ATDS "covers any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." <u>In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 27 FCC Rcd. 15391, 15399 (2012).

16. It is undisputed that consumers who have consented to receiving calls otherwise forbidden by the TCPA are entitled to revoke their consent. <u>ACA</u>

International v. Federal Communications Commission, 885 F.3d 687, 709 (D.C. Cir. 2018).

17. Consumers have a right to revoke consent, suing any reasonable method, including orally or in writing. In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7996 (2015).

18. With respect to the TCPA, the Eleventh Circuit has held that Congress intended to create a concrete injury where the statute was violated, meaning so long as the plaintiff has been affected personally by the conduct that violates the statute, standing exists. Rogers v. Capital One Bank (USA), N.A., 190 F. Supp. 3d 1144, 1147 (N.D. Ga. 2016) (citing Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1252 (11th Cir. 2015)).

## V. FACTS

19. Plaintiff is a natural person.

20. The debt which is the subject of this lawsuit is a consumer debt, specifically a student loan.

21. Between 2003and 2005, Plaintiff co-signed for certain student loans for her ex-husband.

22. When Plaintiff co-signed for these student loans, Plaintiff did not provide her current cell phone number.

23. Plaintiff did not have possession or use of her current cell phone number until many years after Plaintiff co-signed for the student loans.

24. At some point in 2017, Plaintiff's ex-husband stopped making payments on the student loans and they became in default.

25. Navient is the servicer for the student loans which Plaintiff co-signed.

26. Plaintiff began receiving multiple phone calls from Navient to her cellular phone after her ex-husband stopped making payments.

27. Navient made phone calls to Plaintiff's cellular phone in an attempt to collect a debt from Plaintiff.

28. Plaintiff received multiple phone calls a day from Navient including while she was at work.

29. Navient utilizes computer assisted dialing technology to place telephone calls.

30. The telephone system used by Navient has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

31. Navient utilizes computer assisted dialing technology manufactured and designed by Interactive Intelligence to place phone calls.

32. The telephone system manufactured by Interactive Intelligence has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

33. Navient used a predictive dialer to contact Plaintiff on her cellular phone.

34. Navient makes automatic system dialer calls to consumers.

35. Navient makes predictive phone calls to consumers using auto-dialers.

36. Finally in February of 2018, Plaintiff had enough and told representatives from Navient to stop calling her.

37. Navient continued to make phone calls to Plaintiff after Plaintiff requested Navient stop calling her.

38. Navient used a predictive dialer to contact Plaintiff on her cellular phone after Plaintiff told Navient to stop calling her.

39. Navient made phone calls to Plaintiff's cellular phone from the number 765-637-0791.

40. Navient made phone calls to Plaintiff's cellular phone from the number 607-215-7706.

41. Navient made phone calls to Plaintiff's cellular phone from the number 703-439-1079.

42. Navient made phone calls to Plaintiff's cellular phone from the number 570-904-8747.

43. Navient made phone calls to Plaintiff's cellular phone from the number 512-354-2001.

44. Navient made phone calls to Plaintiff's cellular phone from the number 615-432-4229.

45. Navient made phone calls to Plaintiff's cellular phone from other telephone numbers.

## VI. CAUSE OF ACTION

### VIOLATIONS OF THE TCPA [47 U.S.C. § 227(b)(1)(A)(iii)]

46. Plaintiff realleges and reincorporates paragraphs 1 through 49.

47. Navient made multiple phone calls to Plaintiff's cellular telephone using and automated telephone dialing system or an artificial or prerecorded voice in an attempt to collect a debt.

48. Plaintiff is entitled to statutory damages for recovery for actual monetary loss or to receive $500 in damages for each such violation.

49. Defendant acted willfully and knowingly in their violations of the TCPA.

50. Plaintiff is entitled to up to $1,500 in damages for each violation made willfully and knowingly by Defendant.

51. Plaintiff's actual damages are less than the applicable statutory damages and therefore Plaintiff only seeks the award of statutory damages.

## VII. TRIAL BY JURY

52. Plaintiff is entitled to and hereby demands a trial by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment be entered against the Defendants as follows:

   a)   That Plaintiff be awarded statutory and treble damages;

   b)   That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this 22nd day of January, 2019.

**ARMOR LAW, LLC**
**/S/Chris Armor**

_____
Christopher N. Armor
Georgia Bar No. 614061
160 Clairemont Avenue, Suite 200
Decatur, GA 30030
Phone: (678) 954-5674
Fax: (404) 592-6102
Email: chris.armor@armorlaw.com

CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared in size 14 Times New Roman font.

/S/ Chris Armor